UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTHA E. TOVIAS,<br>    Plaintiff<br><br>    v.<br><br>JP MORGAN CHASE BANK, N.A. d/b/a CHASE BANK, A NATIONAL BANKING ASSOCIATION, *et al.*<br>    Defendants | No. 25 CV 9560<br><br>Judge Jeremy C. Daniel |

### ORDER

Defendant JP Morgan Chase Bank, N.A.'s motion to dismiss the complaint [14] is granted. The Court dismisses all claims as to Chase without prejudice. The plaintiff may file an amended complaint on or before February 6, 2026. Further, there is no indication that the plaintiff has served all defendants within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). Failure to serve all defendants and provide proof of service on or before February 20, 2026 will result in dismissal of the complaint as to those defendants. Finally, at the January 7, 2026, status hearing, defense counsel informed the Court about pending state proceedings. On or before February 20, 2026, the plaintiff shall file a status report concerning any related state court litigation, including litigation involving the plaintiff and one or more of the defendants or one or more of the claims raised in this case.

### STATEMENT

**Background**

This case is before the Court on Defendant JP Morgan Chase Bank, N.A.'s ("Chase") motion to dismiss the complaint filed by Plaintiff Martha E. Tovias. (R. 14.)[1] On October 6, 2023, Amalia Tovias passed away and left an estate to her three children as heirs: Martha Tovias, Cesar Tovias, and Tomas Tovias. (R. 1 ¶¶ 1–4.) Martha then filed this complaint, alleging that her brothers Cesar and Tomas have improperly handled estate assets. (*See generally* R. 1.) The complaint names as defendants

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

Tomas and Cesar, with Cesar named both individually and as executor. (*Id.*) It also names Chase as a defendant because Cesar is allegedly a Chase employee. (*Id.* ¶ 19.)

The plaintiff brings federal law claims against Cesar, Tomas, and the "Tovias RICO Enterprise" for alleged violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, the False Claims Act ("FCA"), 18 U.S.C. §§ 3729 *et seq.*, and the Investment Advisors Act of 1940 ("IAA"), 15 U.S.C. §§ 80b-1 *et seq.* (R. 1 ¶¶ 60–93.) She also brings state law claims alleging breach of fiduciary duty, conversion, civil conspiracy, tortious interference with expectations of inheritance, failure to provide a proper accounting, and *respondeat superior*. (*Id.* ¶¶ 1–59, 94–126.) The plaintiff brings no direct claims against Chase;[2] instead, she seeks to hold Chase liable for Cesar's conduct. (*See generally* R. 1.)

Chase now moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint fails to state a claim against it. (R. 14.) The plaintiff did not file a response. Chase argues that the plaintiff's failure to respond amounts to waiver and abandonment of her claims. (R. 18.)

**Legal Standard**

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court "construe[s] all allegations and any reasonable inferences in the light most favorable to the plaintiff." *Jauquet v. Green Bay Area Cath. Educ., Inc.*, 996 F.3d 802, 807 (7th Cir. 2021) (citation omitted). The plaintiff must set forth "adequate factual detail to lift [her] claims from mere speculative possibility to plausibility." *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). It is not enough for a plaintiff to merely "allege labels and conclusions without providing facts." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). Additionally, the plaintiff's fraud-based claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires a plaintiff to state such allegations "with particularity." *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 726 (7th Cir. 1998) (RICO claim); *Thulin v. Shopko Stores Operating Co., LLC*, 771 F.3d 994, 998 (7th Cir. 2014) (FCA claim).

---

[2] Count IX is a "*respondeat superior* claim against Chase." (R. 1 at 21 (cleaned up).) But *respondeat superior* is not a standalone claim or cause of action; rather, it is a theory of recovery. *Wilson v. Edward Hosp.*, 981 N.E.2d 971, 980 (Ill. 2012); *Gaston v. Ghosh*, 920 F.3d 493, 497 (7th Cir. 2019) (citation omitted). The Court construes this "claim" as one that seeks to hold Chase liable for Cesar's conduct as alleged in the other claims.

Analysis

<u>Waiver</u>

The Court begins with Chase's argument that the plaintiff's failure to respond to its motion to dismiss constitutes waiver of the plaintiff's claims. (R. 18.) The Court will not dismiss the complaint simply because the plaintiff failed to respond to Chase's motion. *Alioto v. Town of Lisbon*, 651 F.3d 715, 722 (7th Cir. 2011) (noting that district courts have discretion to excuse a plaintiff's failure to respond). However, the Court cautions the plaintiff that failure to advance her case may result in dismissal for want of prosecution.

<u>Federal Law Claims</u>

The plaintiff invokes federal question jurisdiction under 28 U.S.C. § 1331.[3] (R. 1 ¶ 22.) Three of the plaintiff's claims arise under federal law: her RICO claim (Count III), her FCA claim (Count IV), and her IAA claim (Count V). As noted above, the plaintiff has not brought these claims directly against Chase but rather seeks to hold Chase liable for Cesar's conduct. (*Id.* ¶¶ 116–26.)

An employer can be held liable for the tortious conduct of its employee if the tort was committed within the scope of employment. *Richards v. U.S. Steel*, 869 F.3d 557, 565 (7th Cir. 2017). The Court looks to the Restatement of Agency to determine whether conduct is within the scope of employment, which is the case if: "(a) it is of the kind [the employee] is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the [employer]." *Id.*; Restatement (Second) of Agency § 228(1) (1958). All three requirements must be met to impose vicarious liability. *Bagent v. Blessing Care Corp.*, 862 N.E.2d 985, 992 (Ill. 2007). "[C]ourts often look to whether the action furthered the purpose of employment and whether the employee encountered the plaintiff only as a result of conducting official business." *Ramzan v. United States*, 438 F. Supp. 3d 871, 877 (N.D. Ill. 2020) (citation omitted).

The Court begins with the IAA claim (Count V). The plaintiff alleges that Cesar "was an employee of Chase," "represented himself as said employee," "abused his position as an employee of Chase," opened an investment account with a Chase entity funded with estate assets, and "earned residuals/commissions" from that account. (R. 1 ¶¶ 19, 87–91, 121–25.) Chase argues that the plaintiff fails to show a relationship between Cesar's conduct and his Chase employment. (R. 16 at 6–8.)

---

[3] While Chase has not raised any jurisdictional arguments, the Court must ensure that it has subject matter jurisdiction over the claims. *See Dexia Credit Loc. V. Rogan*, 602 F.3d 879, 883 (7th Cir. 2010).

The Court agrees with Chase that the complaint fails to sufficiently allege facts to hold Chase vicariously liable for the IAA claim. The plaintiff has not sufficiently alleged that Cesar's conduct was "of the kind" he was employed to perform or "occurred substantially within the time and space limits." Restatement (Second) of Agency § 228(1) (1958). First, her barebones recitation of these elements, (R. 1 ¶ 123), "is insufficient to state a claim for relief." *Fuqua v. SVOX AG*, 754 F.3d 397, 400 (7th Cir. 2014). Further, she does not allege what position Cesar held at Chase or what Chase employed Cesar to do. Without alleging the nature of his work or his employment responsibilities, the plaintiff has not sufficiently alleged that opening an account for estate assets was something "of the kind" Cesar was employed to do. *Ramzan*, 438 F. Supp. 3d at 878. Merely alleging that Cesar was a Chase employee is insufficient, as employers are not necessarily liable for all conduct of all employees. *U.S. Steel*, 869 F.3d at 565 (employers liable for employee conduct only if conduct is within scope of employment). The plaintiff's allegations lack sufficient detail and provide only conclusory assertions, falling short of stating a claim. *Kiley*, 954 F.3d at 994; *Kaminski*, 23 F.4th at 777.

The plaintiff also has not sufficiently alleged that Cesar's conduct was "actuated, at least in part, by a purpose to serve" Chase. Restatement (Second) of Agency § 228(1) (1958). Instead, she appears to allege the opposite—that Cesar's purpose in opening the account was based on his "desire to earn residual commissions" and that his conduct was "to the benefit of Cesar Tovias." (R. 1 ¶¶ 91–92, 124–126.) When an employee's conduct is motivated by personal gain and not to further the employer's interests, the employer is not vicariously liable. *Boston v. U.S. Steel Corp.*, 816 F.3d 455, 467–68 (7th Cir. 2016). At bottom, the IAA claim fails to sufficiently allege facts as to the Restatement requirements for vicarious liability. Accordingly, the Court dismisses Count V as to Chase.

The plaintiff's RICO and FCA claims fare no better. Her RICO claim alleges that Cesar and Tomas conspired together to dissipate estate assets. (R. 1 ¶¶ 60–74.) Her FCA claim alleges that Cesar and Tomas hid assets so that Tomas would receive a larger amount of Medicare funds. (*Id.* ¶¶ 75–86.) Aside from a blanket assertion that Cesar "represented himself as said employee while carrying out the acts and allegations contained in this Complaint," there are no allegations that Cesar was acting in the scope of his employment with respect to the conduct alleged in these claims. (*Id.* ¶ 19.) Conversely, the plaintiff's allegations appear to show that Cesar's conduct was taken in his capacity as an individual or as executor. For instance, the RICO claim alleges that Cesar dissipated estate assets because he wanted to deprive the plaintiff of her share. (*Id.* ¶ 68.) The FCA claim alleges that Cesar sought to assist his brother "for the sole purpose of" qualifying for Medicare reimbursements. (*Id.* ¶ 76.) Neither claim contains an allegation referring to Chase or Cesar's employment, nor does it allege that this conduct was done to benefit Chase. (*Id.* ¶¶ 60–86.) As alleged, this falls short of establishing vicarious liability. *U.S. Steel Corp.*, 816 F.3d at 467–68. The Court therefore dismisses Counts III and IV as to Chase.

**State Law Claims**

The plaintiff also brings the following claims against Cesar and Tomas under Illinois state law: breach of fiduciary duty (Count I), conversion of estate assets (Count II), civil conspiracy (Count VI), tortious interference with expectations of inheritance (Count VII), and failure to provide a proper accounting (Count VIII). (R. 1 ¶¶ 24–59, 94–115.) The Court reads the complaint in a light most favorable to the plaintiff and assumes that she seeks to hold Chase liable for the conduct alleged in these claims, too. *Jauquet*, 996 F.3d at 807. However, none of the plaintiff's state law claims contain a reference to Cesar's Chase employment, a sufficient allegation that the conduct described was within the scope of his employment, or an assertion that the conduct was for Chase's benefit. For the same reasons explained in greater depth above, this falls short of stating any claim as to Chase. *Kiley*, 954 F.3d at 994; *Kaminski*, 23 F.4th at 777. Accordingly, the Court dismisses Counts I, II, VI, VII, and VIII as to Chase.

Date: January 7, 2026

JEREMY C. DANIEL
United States District Judge